Joshua W. Carden, SBN 021698
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yulius Mustafa,<br><br>               Plaintiff,<br>v.<br><br>Yuma Regional Medical Center, an Arizona nonprofit corporation; Dr. Bharat Magu, an individual, and Dr. Robert Trenschel, an individual,<br><br>               Defendants. | **ORIGINAL COMPLAINT**<br>**(JURY TRIAL REQUESTED)**<br><br>**FILING FEE WAIVED PER**<br>**38 U.S.C. § 4323(H)** |

Plaintiff Yulius Mustafa, by and through the undersigned counsel, hereby seeks relief under the Uniformed Services Employment and Reemployment Rights Act (USERRA); and Arizona's Employment Protection Act (EPA) as follows:

**PARTIES**

1. Plaintiff Yulius Mustafa was at all relevant times herein a resident of Yuma County, Arizona, and an "employee" of Defendants within the meaning and purposes of all relevant statutes at all times material to this action.

2. Defendant Yuma Regional Medical Center ("YRMC") is a domestic nonprofit corporation at all relevant times conducting its business in Yuma County, Arizona, and an "employer" of Plaintiff within the meaning and purposes of all relevant statutes at all times material to this action.

3. Defendant Dr. Bhara Magu is an individual resident of Yuma County, the Chief Medical Officer of YRMC, with "command and control" over Plaintiff's employment, including



1

the decision to terminate. He is also individually an "employer" of Plaintiff or a "joint employer" of Plaintiff for purposes of the Arizona state law causes of action listed herein at all times material to this action.

4. Defendant Dr. Robert Trenschel is an individual resident of Yuma County, the CEO of YRMC, with "command and control" over Plaintiff's employment, including the decision to terminate. He is also individually an "employer" of Plaintiff or a "joint employer" of Plaintiff for purposes of the Arizona state law causes of action listed herein at all times material to this action.

5. Drs. Magu and Trenschel shall be referred to as the "Individual Defendants."

6. At all times pertinent to this Complaint, Defendants' managerial employees were acting within the course and scope of their employment with Defendants; and as a result thereof, Defendants are responsible and liability is imputed for the acts and omissions of their managerial employees, as alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.

7. All acts alleged in this Complaint occurred in Yuma County, Arizona.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b)(3). Pendent jurisdiction over the related state law claims is invokes pursuant to 28 U.S.C. § 1367.

9. The unlawful employment practices described herein were committed within the State of Arizona, on Defendants' premises located in Yuma County, State of Arizona.

10. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

11. Defendants operate a regional hospital in Yuma, Arizona.

12. Plaintiff was a hospitalist for Defendants under written contract since 2005.

13. The economic realities and Defendants' "right to control" the working relationship between Defendants and Plaintiff mean that Plaintiff was legally an "employee" of Defendants and they were his "employer," regardless of his classification by Defendants.

14. Plaintiff serves in the "uniformed services," specifically as a member of the Army



2

1 | reserves.
2 | 15. In July 2019, Plaintiff was deployed by the Army to the Middle East for
3 | approximately 8 months.
4 | 16. In February 2020, Plaintiff emailed Defendants to notify them that he would soon
5 | be returning to work, and asked for the upcoming work schedule.
6 | 17. Plaintiff received no response from Defendants.
7 | 18. Plaintiff followed up with a phone call.
8 | 19. This time Defendants responded, stating that a meeting would be required before
9 | Plaintiff would be placed back on the schedule.
10 | 20. On March 11, 2020, at the meeting, Plaintiff was informed that there were "no
11 | available shifts" for him to work.
12 | 21. Upon information and belief, this was a false statement, as Defendants had hired an
13 | additional doctor in February 2020 <u>after</u> learning Plaintiff was coming home and an additional
14 | doctor in March 2020.
15 | 22. Plaintiff's employment was terminated as of March 11, 2020.
16 | 23. Defendants have since hired another hospitalist in September 2020.
17 | 24. Upon information and belief, the sole or motivating factor for terminating Plaintiff's
18 | employment was his military service and/or his membership in the Army reserves.
19 | 25. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.

### FIRST CAUSE OF ACTION – USERRA VIOLATION

21 | 26. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.
22 | 27. Plaintiff provided prompt and reasonable notice to Defendant YRMC of his
23 | deployment and his return from deployment.
24 | 28. YRMC's failure to reemploy Plaintiff in his prior position upon his return from duty;
25 | and YRMC's termination of plaintiff resulting from his service in the Army Reserves violate
26 | provisions of USERRA, including but not limited to 38 U.S.C. §§ 4311 and 4312.
27 | 29. Plaintiff applied to the U.S. Secretary of Labor for assistance under Title 38, but has
28 | chosen not to request that the Secretary refer the complaint to the Attorney General. 38 U.S.C. §



4323(a)(3)(B).

30. YRMC has caused Plaintiff economic damages by violating the USERRA.

31. Because YRMC's violation was willful and without good faith, Plaintiff is entitled to an equal additional amount as liquidated damages under the USERRA.

32. Plaintiff is further entitled to equitable relief as determined by the Court, including an order requiring YRMC to comply with USERRA.

## SECOND CAUSE OF ACTION – EPA WRONGFUL TERMINATION

33. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

34. At all relevant times, each and every Defendant was an "employer" of Plaintiff as an "employee" under A.R.S. § 23-1501.

35. Defendants violated A.R.S. § 23-1501(A)(3)(c)(vii) by terminating Plaintiff's employment in retaliation for "[s]ervice in the armed forces as protected by sections 26-167 and 26-168."

36. There is no separate remedy available to Plaintiff in those Title 26 statutes.

37. Defendants' conduct is without justification or excuse.

38. As a direct result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proven at trial.

39. Furthermore, Defendants' actions were done with malice or reckless disregard for Plaintiff's rights, justifying an award of punitive damages.

## THIRD CAUSE OF ACTION - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

40. Plaintiff incorporates by reference all previous allegations.

41. The nature of employment relationships in Arizona is contractual. A.R.S. § 23-1501.

42. Additionally, Plaintiff and YRMC had a written contract.

43. The employment relationship and contract between Plaintiff and Defendant YRMC are subject to the implied covenant of good faith and fair dealing.

44. YRMC breached the implied covenant of good faith and fair dealing by the acts and omissions as alleged herein that have injured and continue to injure the right of Plaintiff to receive

the benefits of his contractual relationship.

45. As a result of YRMC's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered direct and consequential damages in an amount to be determined at trial.

46. This matter arises out of an express contract and Plaintiff is entitled to an award of costs and reasonable attorneys' fees pursuant to A.R.S. §§ 12-341 & 12-341.01.

**FOURTH CAUSE OF ACTION – AIDING AND ABETTING**

47. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

48. Each and every Defendant has committed acts of discrimination, retaliation, and/or wrongful termination against Plaintiff in violation of Arizona statutes and public policy.

49. Under Arizona law, those actions sound in tort.

50. As described above, there is a causal connection between each Individual Defendant's conduct and the remaining Defendants' commission of those torts.

51. Individual Defendants' conduct in aiding and abetting caused Plaintiff's harm.

52. Defendants had knowledge of the primary tort being committed.

53. Defendants' conduct contributed to Plaintiff's damages.

54. Thus, Defendants are all liable to Plaintiff for all categories of compensatory damages permissible under AZ tort law.

55. Defendants' conduct towards Plaintiff harmed Plaintiff and was malicious, oppressive, or in reckless disregard of his rights. Defendants therefore should be required to respond to Plaintiff in the form of a punitive or exemplary damage award.

**FIFTH CAUSE OF ACTION – TORTIOUS INTERFERENCE**

56. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

57. Plaintiff had certain business expectancies, namely the prospect of a continued contractual relationship with YRMC.

58. The Individual Defendants were aware of these expectancies.

59. The Individual Defendants intentionally interfered with Plaintiff's business expectancies by causing the termination of that contractual relationship.

60. The Individual Defendants' actions were improper and caused Plaintiff damages.



61. Under Arizona law, those actions sound in tort.

62. Thus, Individual Defendants are all liable to Plaintiff for all categories of compensatory damages permissible under AZ tort law.

63. Individual Defendants' conduct towards Plaintiff harmed Plaintiff and was malicious, oppressive, or in reckless disregard of his rights. Defendants therefore should be required to respond to Plaintiff in the form of a punitive or exemplary damage award.

## JURY TRIAL DEMANDED

64. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of federal and/or state law;

B. Assessing applicable civil fines and penalties against Defendants as authorized under the statutes cited herein;

C. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;

D. Directing Defendants to place Plaintiff in the position he would have occupied but for Defendants' unlawful actions, and make him whole for all economic losses suffered, including *inter alia* back pay and front pay;

E. Awarding Plaintiff compensatory and punitive damages in an amount to be determined by the jury;

F. Awarding Plaintiff statutory and liquidated damages in an amount to be determined by enforcement of the statutes herein;

G. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

H. Granting such other and further relief, including equitable relief authorized by the cited statutes, as this Court deems necessary and proper.



Respectfully submitted on this 29th day of January, 2021,

                                                                                                                      Joshua Carden Law Firm, P.C.

                                                                            By: <u>s/Joshua W. Carden</u>
                                                                            Joshua W. Carden
                                                                            *Attorneys for Plaintiff*
                                                                            *Yulius Mustafa*

